IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| THOMAS WAYNE MCCULLOUGH, JR., | § § § | |
| Plaintiff, | § § | SA-18-CV-00128-ESC |
| vs. | § § | |
| ANDREW M. SAUL, COMMISSIONER OF SOCIAL SECURITY,[1] | § § § § | |
| Defendant. | § § § | |

# ORDER

Before the Court is the Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act [#18] filed by Plaintiff Thomas Wayne McCullough, Jr. ("Plaintiff"), as well as his Attorney's Affirmation in Support of Motion for EAJA Fees [#19]. Also before the Court is the Response to Plaintiff's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act [#20] filed by Defendant Andrew M. Saul, Commissioner of Social Security ("the Commissioner").

Plaintiff asks the Court to award attorney's fees in the amount of $5,217.35, representing 23.5 hours of attorney work at a rate of $190.10 per hour and 7.5 hours of paralegal work at a rate of $100 per hour. The Equal Access to Justice Act ("the EAJA"), 28 U.S.C. § 2412, "provides a mandatory attorney's fee award for a prevailing party that meets certain financial eligibility requirements." *Baker v. Bowen*, 839 F.2d 1075, 1079–80 (5th Cir. 1988). Once the

---

[1] Andrew M. Saul is now the Commissioner of Social Security and is automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d). *See also* 42 U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office.").

1

plaintiff establishes these facts, the government must pay attorney's fees, unless it is able to prove that its position was substantially justified or that, due to special circumstances, an award of attorney's fees to the plaintiff would be unjust. *See Herron v. Bowen*, 788 F.2d 1127, 1130 (5th Cir. 1986).

The purpose of the EAJA's mandatory fee-shifting provision "is to ensure that there is sufficient representation for individuals who need it while minimizing the cost of attorneys' fees awards to the taxpayers." *Id.* at 1082. An award of attorney's fees under the EAJA must be "reasonable." § 2412(b). As the fee applicant, Plaintiff has the burden of demonstrating the reasonableness of the number of hours expended on the prevailing claim. *See Von Clark v. Butler*, 916 F.2d 255, 259 (5th Cir. 1990); *Leroy v. City of Hous.*, 831 F.2d 576, 586 (5th Cir. 1987). A fee applicant is expected to exercise "billing judgment" with respect to hours worked and to present evidence supporting the hours worked and rates claimed. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *see also La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995) ("[A] district court may reduce the number of hours awarded if the documentation is vague or incomplete.").

In determining the reasonableness of attorney's fees under the EAJA, the Fifth Circuit has adopted the twelve-factor "lodestar" test enunciated in *Johnson v. Ga. Highway Exp., Inc.*, 488 F.2d 714, 717 (5th Cir. 1974). *See Hall v. Shalala*, 50 F.3d 367, 369 (5th Cir. 1995). However, the Fifth Circuit has clarified that "it is not necessary for a district court to examine each of the factors independently if it is apparent that the court has arrived at a just compensation based upon appropriate standards." *Sanders v. Barnhart*, No. 04-10600, 2005 WL 2285403, at *2 (5th Cir. Sept. 19, 2005). "The fee thus determined cannot exceed the statutory cap, except as

expressly permitted by the EAJA." *Sandoval v. Apfel*, 86 F. Supp. 2d 601, 616 (N.D. Tex. 2000).

On March 29, 2019, the Court vacated the Commissioner's decision finding Plaintiff not disabled and remanded Plaintiff's case for further administrative proceedings [#17]. The Fifth Circuit has held that a party who obtains a remand pursuant to the fourth sentence of 42 U.S.C. § 405(g) qualifies as a prevailing party for purposes of attorney's fees under the EAJA. *See Breaux v. U.S. Dep't of Health & Human Servs.*, 20 F.3d 1324, 1325 (5th Cir. 1994) (per curiam). Here, Plaintiff is the prevailing party because his case was remanded to the Commissioner under sentence four of § 405(g).

In support of the instant motion, Plaintiff submitted a statement from his counsel, Howard D. Olinsky, Esq., indicating that he has spent a total of 23.5 hours on this case at a rate of $190.10 per hour and that a paralegal has spent a total of 7.5 hours on this case at a rate of $100 per hour. (Attorney's Affirmation in Supp. of Mot. for EAJA Fees [#19] at ¶ 8.) Accordingly, Plaintiff requests an award of attorney's fees in the amount of $5,217.35. Plaintiff and his counsel entered into a contingent-fee agreement whereby Plaintiff assigned his rights to any fees payable to him under the EAJA to his attorney. (Doc. 19, Ex. E at 2.) The Commissioner filed a response to Plaintiff's Motion, in which he indicated that he does not oppose an award under the EAJA in the amount of $5,217.35.

Having reviewed the motion, the applicable legal authorities, and the entire record in this matter, and in light of the lack of opposition to the fees sought, the Court finds that Plaintiff is entitled to an award of attorney's fees under the EAJA, and the Court will award Plaintiff attorney's fees in the amount of $5,217.35.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act [#18] is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff is awarded $5,217.35 in attorney's fees made payable to Plaintiff and mailed to Plaintiff's counsel at his address on record.

**IT IS SO ORDERED.**

SIGNED this 2nd day of July, 2019.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE